IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  CRIMINAL CASE NO.: 4:22-CR-57-SA

MARCUS CRAWFORD  DEFENDANT

ORDER

The Defendant, Marcus Crawford, has filed three separate Motions [2, 3, 6] requesting early termination of his supervised release.

By way of background, Crawford pled guilty to possession with intent to distribute 50 grams or more of methamphetamine and conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. On December 12, 2017, Crawford was sentenced to serve a term of imprisonment of 70 months to be followed by five years of supervised release. The sentence was imposed by the District Court for the Western District of Kentucky, but jurisdiction was transferred to this Court on May 10, 2022. *See* [1]. At this time, Crawford has served approximately two years of his five-year term of supervised release.

Under the applicable statute, "the court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1). The Administrative Office of United States Courts has provided certain criteria to be considered in determining whether to grant early termination of supervised release, such as stable community reintegration,

no history of violence, and no recent arrests, among others. Notably, the Fifth Circuit has held that the statute "confers broad discretion." *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

The Court notes that Crawford meets most of the above-referenced criteria and is also cognizant that he has been compliant with the terms of his supervised release. The Court commends Crawford for his compliance. However, at this time, he has not yet served even half of the imposed term. To terminate his supervision at this time would not, in this Court's view, further the purposes of sentencing. This is particularly so considering that Crawford's three filings provide no reasoning, other than his compliance with the terms of supervision, to support his request. This is insufficient to warrant a termination of Crawford's supervision at this juncture. *See*, *e.g.*, *United States v. Guidry*, 2020 WL 908542, at *1 (N.D. Tex. Feb. 13, 2020) ("Generally, compliance with the terms of supervised release and with the law alone is not enough to warrant early termination; such conduct is expected and required."). The interests of justice would not be served by granting the requested relief. The Motions [2, 3, 6] are DENIED *without prejudice*.

SO ORDERED, this the 29th day of January, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE